### EVERETT v. STOKES *et al.*

Where the grantee of land returned his deed to the grantors before record, and demanded a rescission of the contract, which was refused, and in a suit for damages for the deceit the grantors disclaimed any interest in the land, they were estopped, in a suit thereafter brought by the grantee to quiet his title and for a return of the deed, from asserting any interest or estate in the premises.

(Opinion filed April 4, 1905.)

Appeal from circuit court, Marshall county; Hon. J. H. McCoy, Judge.

Action by Charles W. Everett against Henry L. Stokes and others. From a judgment for plaintiff, defendants appeal. Affirmed.

*T. H. Null* and *Byron Abbott*, for appellants.

*S. A. Keenan*, for respondent.

FULLER, J. During the early months of the year 1900 plaintiff sold and delivered to defendants a stock of merchandise, receiving as full consideration therefor $2,678 in cash, and four quarter sections of Marshal county land, each of which was conveyed by a separate warranty deed, duly executed to him as grantee, and delivered to an authorized agent, through whom all negotiations on plaintiff's behalf were conducted. Subsequently to the recording of three of these deeds, and after the fourth deed had been received and retained without objection for more than three weeks, plaintiff came to South Dakota, and personally examined the land for the first time, and thereupon notified defendants that the same was not of the value or quality represented by them. Having, without avail, demanded a settlement of the damages occasioned by the alleged fradulent representations on the part of the defendants relative to the value and quality of the land, plaintiff obtained legal advice, pursuant to which a rescission of the entire transaction was sought; and in conformity therewith the unrecorded deed was returned to defendants, who now retain the same, although possession thereof has been repeatedly demanded by plaintiff. At the trial of an action instituted by plaintiff against the defendants in the federal court, to recover

damages arising from the alleged fraudulent representations above mentioned, the defendants disclaimed any title to or interest in the tract of land involved in this suit, and the action was prosecuted to judgment upon the theory that the same, as well as the other three quarter sections, was the property of plaintiff, in fee simple. The defendants having at all times prior to this action disavowed any interest or estate in the property, and returned the deed in question which, was again forwarded to them by the agent of plaintiff, the court concluded that they are holding the deed and record title as the involuntary trustees of plaintiff, and are estopped from asserting any interest or estate in the premises.

The undisputed facts, as found by the court, amply justify the following conclusions of law, according to which judgment was entered: "First. That Charles W. Everett, plaintiff, now is, and prior to the commencement of this action was, the owner in fee of the following described tract of land, situated and being in the county of Marshall and state of South Dakota, viz: The southeast quarter of section one (1) in township one hundred and twenty-eight (128) north, of range fifty-nine (59) west of the fifth principal meridian. Second. That said plaintiff, Charles W. Everett, is entitled to a judgment and decree quieting his title thereto against said defendants, and each of them, and all persons claiming through or under either of them. Third. That said defendants, and each of them, have no right, title to, or interest in the said premises, or any part thereof. Fourth. That plaintiff is entitled to judgment and decree that the said warranty deed, heretofore in said findings of fact referred to, be delivered to him; that, in case of its loss or destruction, the said defendants Stokes, by order of this

court, be required to execute or cause to be executed a good and sufficient warranty deed conveying the fee title from said Henry L. Stokes to this plaintiff." That plaintiff at the trial in federal court received full compensation for the land in controversy was the only defense pleaded in the court below, and upon that issue the unchallenged findings of fact are conclusively against them.

Finding no error in the record as presented, the judgment appealed from is affirmed.